UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re

GREGORY AND LORRI McDOLE,

Debtors.
_____

KEYBANK NATIONAL ASSOCIATION,

Appellant,

v.

GREGORY AND LORRI McDOLE,

Appellees.

Case No. C08-0098RSL

Bankr. Case No. 07-14694-SJS

ORDER DENYING AND DISMISSING APPEAL

## I. INTRODUCTION

This matter comes before the Court on an appeal from an order of the United States Bankruptcy Court for the Western District of Washington. Appellant KeyBank National Association ("KeyBank") argues that the Bankruptcy Court erroneously found that Washington's recently enacted increase to the homestead exemption was retroactive.

In doing so, it effectively decreased the value of KeyBank's judgment lien on the debtors' property and allegedly deprived it of a vested right.

For the reasons set forth in this Order, the Court denies the appeal.

## II.  DISCUSSION

### A.  Background.

The facts underlying this appeal are straight-forward and undisputed.  KeyBank is the current holder of a judgment entered in King County Superior Court on July 10, 2007 against the debtors for over $28,000 with interest accruing (the "Judgment").  The Judgment was recorded in King County on July 17, 2007.  Upon recording, the Judgment attached as a lien against the debtors' real property in Renton.

On July 22, 2007, an amendment to RCW 6.13.030 became effective, which increased the amount of the state's homestead exemption from $40,000 to $125,000.  On October 5, 2007, the debtors filed for bankruptcy under Chapter 7.  They claimed a homestead exemption of $125,000.  They subsequently filed a motion to avoid three judgment liens on their homestead, including KeyBank's lien.  The debtors valued the property at $520,000.  After paying three deeds of trust on the property and claiming the homestead exemption, the debtors argued that there was no equity left to pay the lien holders.

In December 2007, the Bankruptcy Court heard oral argument on the debtors' motion to avoid the liens.  It granted the motion, finding that the increase in the homestead exemption was prospective as well as retrospective.  Excerpt of Record at p. 172.  Therefore, KeyBank's judgment lien on the property was avoided in its entirety.

### B.  Analysis.

The Court reviews the Bankruptcy Court's legal conclusions *de novo.*  In re

Myrvang, 232 F.3d 1116, 1120 (9th Cir. 2000). Factual findings are reviewed for clear error, and equitable decisions are reviewed for an abuse of discretion. Id. Because the issue in this case is a legal one, the Court reviews it *de novo.*

### 1. Applicable Exemption Amount.

"The Bankruptcy Code allows the States to define what property a debtor may exempt from the bankruptcy estate that will be distributed among his creditors." Owen v. Owen, 500 U.S. 305, 306 (1991). Consistent with the Code, Washington enacted a homestead exemption. RCW 6.13 *et seq.*[1] The Code also provides that "judicial lines encumbering exempt property can be eliminated," which is what the debtors sought to do pursuant to 11 U.S.C. § 522(f). Id. Section 522(f) provides:

> 1) . . . the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is--
> (A) a judicial lien . . .

In determining whether to avoid a judgment lien, the Court engages in a three-step process: (1) determine whether the debtor is entitled to an exemption; (2) determine the extent to which the lien may be avoided; and (3) determine whether the lien impairs an exemption to which the debtor would have been entitled. Owen, 500 U.S. at 312-13. In this case, pursuant to Section 522(b), the debtors have elected Washington's homestead exemption. The parties agree that they are entitled to the exemption, although the amount is disputed.

Under the *Owen* test, the lien in this case impairs an exemption to which the

---

[1] "Homestead statutes are enacted as a matter of public policy in the interest of humanity and thus are favored in the law and are accorded a liberal construction. . . . The homestead exemption was created to ensure a shelter for each family." Macumber v. Shafer, 96 Wn.2d 568, 570 (1981).

ORDER DENYING AND
DISMISSING APPEAL - 3

debtors would have been entitled. Absent the lien, they would have been entitled to a homestead exemption of $125,000. Exemptions are to be determined by "State or local law that is applicable on the date of the filing of the petition." 11 U.S.C. § 522(b)(3)(A). When the debtors filed their petition, the increased homestead exemption was in effect.

KeyBank argues that the debtors should be allowed only the exemption in effect at the time it recorded the Judgment. However, the Supreme Court in *Owen* rejected that argument:

> In the dissent's view, the question is whether the lien impairs an exemption to which the debtor would have been entitled at the time the lien was fixed. Under the Code, however, the question is whether the lien impairs an exemption to which the debtor would have been entitled under subsection (b), and under subsection (b), exempt property is determined on the date of the filing of the petition, not when the lien fixed.

Owen, 500 U.S. at 314. The facts in *Owen* are even more compelling for creditors than the facts in this case. In that case, a Florida statute provided that a debtor's homestead was not effective against liens that attached to the property before the property qualified for homestead status. Nevertheless, the Supreme Court held that Florida law did not exclude a judgment lien from the scope of homestead protection in bankruptcy. The Supreme Court noted that "it is not inconsistent to have a policy disfavoring the impingement of certain types of liens upon exemptions, whether federal- or state-created." Owen, 500 U.S. at 313. Although *Owen* does not explicitly discuss preemption, the decision makes clear that although states are free to define their exemptions, conflicting state exemption limitations may not stand.[2] In this case, if the

---

[2] See, e.g., Bruin v. Leicht (In re Leicht), 222 B.R. 670, 680 (1st Cir. BAP 1998) (explaining that "federal courts have, time and again, concluded that the federal fresh start principles promulgated in § 522(c) override state law exemption limitations") (citing, among other authorities, Owen, 500 U.S. at 313-14).

ORDER DENYING AND
DISMISSING APPEAL - 4

amendment did not apply retroactively, it would conflict with the Code's plain language and with the purpose of providing a meaningful homestead exemption. Following *Owen* and the Code's plain language, the Court finds that the debtors are entitled to the exemption in effect at the time they filed their bankruptcy petition.

KeyBank relies on <u>In re Bassin</u>, 637 F.2d 668 (9th Cir. 1980) to argue that the lower exemption must be applied. In that case, the Ninth Circuit applied the homestead exemption in effect when the debtor incurred the debts, rather than the higher amount in effect when he filed his bankruptcy petition. <u>In re Bassin</u>, 637 F.2d at 672. However, that case was decided before <u>Owen</u> and did not address the avoidance of a judicial lien. Moreover, in a subsequent case, the Ninth Circuit approved of the retroactive application of an amendment adding a new exemption to Nevada's bankruptcy statute. <u>In re Seltzer</u>, 104 F.3d 234 (9th Cir. 1996). The court in <u>In re Seltzer</u> distinguished <u>In re Bassin</u>, noting that it was inconsistent with recent Supreme Court precedent. <u>Id.</u> at 236. Accordingly, <u>In re Bassin</u> is not helpful to KeyBank.

KeyBank argues that the Court must apply state law. Consistent with *Owen*, the above analysis applies both state and federal law. KeyBank's attempt to rely on state law exclusively is unsupported. Even if the Court were to apply the Washington law cited by KeyBank, it would nevertheless find against KeyBank. Unlike some state laws, Washington's statute does not state that the homestead exemption is inapplicable to pre-existing liens. The statute lists some claims, including certain mortgages on real property, that are not subject to the homestead exemption. RCW 6.13.080. Judgment liens are not among the claims listed. Also, the parties agree that the amendment is remedial. Although a "remedial statute cannot be retroactively applied if it affects a

ORDER DENYING AND
DISMISSING APPEAL - 5

vested right,"³ In re F.D. Processing, Inc., 119 Wn.2d 452, 463 (1992), no court has held that a judgment lien is a vested right against a homestead. Nor have any Washington courts held that an increase to the homestead exemption cannot be applied retroactively. In contrast, the Washington Supreme Court has held that an increase to the homestead exemption was retroactive: "In order to further the purpose of the homestead legislation in general, and to give effect to the amendment increasing the dollar amount of the exemption in particular, the amendment must be applied retroactively." Macumber, 96 Wn.2d at 570. The *Macumber* decision also explained that an increase in the exemption "does not impair the contractual obligation. It merely modifies the remedy." Id. at p. 572. KeyBank argues that *Macumber* is inapplicable because the creditors in that case were unsecured, whereas KeyBank is a secured creditor. Although that distinction is important, the holding in *Macumber* is broadly worded.

KeyBank relies on two cases in which Washington courts determined that amendments to the homestead law could not be applied retroactively. Wenner v. Erickson (In re Wenner), 61 B.R. 634 (W.D. Wash. 1985);⁴ Burch v. Monroe, 67 Wn. App. 61 (1992). Neither case involved an amendment increasing the amount of the

---

³ The Washington Supreme Court has explained, "The term 'vested right' is not easily defined and has been used by the courts to express various shades of meaning. However, the term has been commonly held to connote an immediate, fixed right of present or future enjoyment, and an immediate right of present enjoyment, or a present, fixed right of future employment." Adams v. Ernst, 1 Wn.2d 254, 264-65 (1939) (internal citation and quotation omitted).

⁴ The *Wenner* court found that because the creditor had obtained its lien before the homestead was declared, it had a "vested priority" over the debtor's unsecured creditors. Wenner, 61 B.R. at 636 (explaining that retroactivity "would have no remedial effect with respect to the debtor"). Although the court found a vested *priority* over *other creditors*, it did not find a vested right in the debtor's property.

ORDER DENYING AND
DISMISSING APPEAL - 6

1 homestead exemption.  Although the creditors in both cases were judgment lien holders

2 like KeyBank, the statutory amendments in those cases, if applied retroactively, would

3 have nullified the creditors' judgment liens.  In this case, in contrast, retroactive

4 application of the amendment does not nullify the judgment lien.

Although KeyBank would retain its lien even if the amendment were applied retroactively, the value of the lien would be reduced.  KeyBank notes that *In re F.D. Processing* held that a perfected security interest is a "vested right."  In re F.D. Processing, 119 Wn.2d at 463.  The court declined to retroactively apply an amendment to the definition section of RCW 60.13 because doing so "would cause U.S. Bank to recover a smaller amount of its secured claim."  Id.  However, the lien in that case did not impact a homestead.  Also, as in *Wenner*, retroactive application of the amendment at issue in *In re F.D. Processing* would have adversely affected a secured creditor's priority as compared to otherwise lower priority creditors.  Conversely, this case is more analogous to *Macumber* and *Owen*, in which retroactive application of the amendment would affect the homestead rights of a debtor.  In light of the Code language and the state's purpose underlying the homestead exemption, those distinctions are key. Accordingly, the Court finds that the debtors are entitled to the increased homestead exemption in effect at the time they filed their petition.

**2.    The Takings Clause.**

KeyBank argues that any retroactive application of the amendment would violate both (1) the takings clause of the Constitution's Fifth Amendment, which prohibits government actors from taking private persons' vested property rights without "just compensation" and for a "public use," see, e.g., Landgraf v. USI Film Products, 511 U.S.

244, 266 (1994), and (2) Article I, § 16 of the Washington State Constitution,[5] which prohibits the taking of private property "for public or private use without just compensation having been first made." "The bankruptcy power is subject to the Fifth Amendment's prohibition against taking private property without compensation." United States v. Security Indus. Bank, 459 U.S. 70, 75 (1982).

Nevertheless, KeyBank has not cited any authority finding a taking in similar circumstances. The Ninth Circuit and courts in this district do not appear to have addressed the issue.

Even if the lien were property, the amendment did not "take" it. KeyBank's lien, at its inception, was subject to and limited by Section 522(f)'s avoidance powers and Section 522(b)'s provision that exemptions are to be determined by "State or local law that is applicable on the date of the filing of the petition." 11 U.S.C. § 522(b)(3)(A). Accordingly, KeyBank's alleged property interest was at all times subject to changes in state law. Therefore, the predictable application of Section 522(f) did not constitute a taking. See, e.g., In re Leicht, 222 B.R. at 684 (finding that a taking did not occur because the creditor's judicial lien, at its inception, was subject to Section 522(f)'s avoidance powers); Patriot Portfolio, LLC v. Weinstein, 164 F.3d 677, 686 (1st Cir. 1999) (same); Bartlett v. Giguere (In re Bartlett), 168 B.R. 488 (Bankr. D. N.H. 1994).

Because of the timing of the lien and the passage of the amendment, this case presents an even more compelling argument against a takings challenge than in the above cited cases. At the time KeyBank recorded its judgment, the amendment had already

---

[5] The Court declines to reach KeyBank's argument under the Washington State Constitution because it there is no evidence that it raised that challenge before the Bankruptcy Court. Even if it had, the claim would fail for the same reasons the federal takings challenge fails.

ORDER DENYING AND
DISMISSING APPEAL - 8

been signed into law, although it had not yet taken effect. KeyBank therefore had notice that the amount of the homestead exemption would increase. Accordingly, any "right" KeyBank obtained by recording the judgment was subject to an imminent increase in the homestead exemption. Similarly, after Section 522(f) was enacted, courts had to determine whether it could be applied constitutionally to liens in place after the section was enacted but before it took effect. Courts have held that the amendment applied to those "gap" cases. See, e.g., Commonwealth Nation Bank v. United States (In re Ashe), 712 F.2d 864, 868 (3rd Cir. 1983) (declining to find Fifth Amendment protection where liens were "acquired with notice of the future effect of the Act"); In re Webber, 674 F.2d 796 (9th Cir. 1982); cf. Security Indus. Bank, 459 U.S. at 82 n.11 (declining to address whether a taking could occur via retroactive application of a statute "applied to liens established after Congress passed the Act, but before it became effective"). Although the cited cases are not directly on point, they provide guidance on whether a taking has occurred regarding liens recorded during the "gap" period before for an amendment takes effect. In this case, because KeyBank had notice of the impending change to the state homestead exemption, retroactive application of the amendment does not constitute a taking.

## III. CONCLUSION

For all of the foregoing reasons, the Court DENIES and DISMISSES the appeal. The Clerk of the Court is directed to send copies of this Order to all counsel of record and

to the Bankruptcy Court.

DATED this 18th day of September, 2008.

*signature*
Robert S. Lasnik
United States District Judge

ORDER DENYING AND
DISMISSING APPEAL - 10